## ZENAS B. GLAZIER *vs.* JAMES STAFFORD.

A certificated bankrupt, under the law of 1841, cannot be arrested and held to bail upon a subsequent promise to pay a debt due before the bankruptcy.

CAPIAS CASE. " Cepi corpus and bail bond." Rule, &c.

BOOTH, *Chief Justice.*—At the last term, a rule was obtained by the defendant's counsel, to show cause why the defendant should not be discharged on filing common bail.

The affidavit sworn to by the plaintiff states in substance, that the defendant being indebted to the plaintiff on the fifth day of May, 1842, at the city of Wilmington, in the county of New Castle, made his promissory note in writing bearing date the day and year aforesaid, and thereby then and there promised to pay to the plaintiff or order, one hundred dollars, for value received: that the said note is due and unsatisfied: that on or about the first day of May, 1844, at the said city of Wilmington, the defendant in consideration of the premises, promised the plaintiff to pay him the said sum of one hundred dollars with the interest due thereon: and that the defendant is justly indebted to the plaintiff, in the sum of one hundred and fifteen dollars; which is the amount of the said principal sum with its interest up to the 27th of November, 1844.

The defendant, after the said promissory note became due, was declared a bankrupt, by the District Court of the United States for the district of Massachusetts, under the provisions of the act of Congress, passed the 19th of August, 1841, entitled " An act to establish a uniform system of bankruptcy thoughout the United States:" that on the 31st day of January, 1842, the defendant was discharged as a bankrupt, under the said act of Congress, by a decree of the said

District Court, and a certificate thereof granted to him by the said court on the 1st day of August, 1843.

The only question is, whether the defendant, after he has been declared a bankrupt and his discharge decreed and certificate allowed him by the District Court, can be arrested and held to bail upon a a subsequent promise to pay a debt due before his bankruptcy.

The authorities on this subject are conflicting. In Bailey *vs.* Dillon, 2 *Burr.* 736, the bankrupt was discharged on common bail. Wilson *vs.* Kemp, 3 *Maule & Selw.* 595, was the case of an insolvent debtor who was discharged under the insolvent debtors' act, 54 *Geo.* 3d., and afterwards arrested upon a subsequent promise to pay an antecedent debt. He was discharged on filing common bail; Lord Ellenborough, C. J., remarking, that in the case of Best *vs.* Barker, 8 *Price* 533, (3 *Eng. Exch. Rep.* 452,) the question did not properly arise; because the motion was to set aside an execution against the defendant's goods, and not against his person. He recognizes the authority of Bailey *vs.* Dillon and says, that the Court of Common Pleas in Ford *vs.* Chilton, 2 *Blac. Rep.* 799, were of the same opinion. About one year after the determination of the King's Bench in Wilson *vs.* Kemp, the Court of Common Pleas, Gibbs, C. J., in Horton *vs.* Moggridge, 6 *Taunt.* 563, (1 *Com. Law* 484) decided, that an insolvent debtor might be held to bail upon a subsequent promise, made after his discharge under the insolvent act. And in 1820, the Court of Exchequer in Blackbourn *vs.* Ogle, 8 *Price* 526, (3 *Eng. Exch. Rep.* 448-9) decided, that if a bankrupt after having obtained his certificate, makes a promise to pay his creditor at a future day, the debt due to him before the bankruptcy, he not only revives the debt and renders himself liable to be sued for its recovery, but may be held to bail in an action founded on the demand revived by the subsequent promise. It seems that the court were at first very strongly disposed to discharge the defendant on common bail, on the authority of the cases of Bailey *vs.* Dillon, and Wilson *vs.* Kemp, which they considered forcibly in point; but afterwards, having been furnished with the cases of Drew *vs.* Jeffries, 8 *Price* 531, (3 *Eng. Exch. Rep.* 451,) and Best *vs.* Barker, 8 *Price* 533, they refused to discharge the defendant. In 1822, the question was again raised in the Court of King's Bench, in the case of Peers *vs.* Gadderer, 1 *Barn. & Cres.* 116, (8 *Com. Law* 36,) where all the authorities were collected. The Court, Abbott, C. J., after remarking that the case of Wilson *vs.* Kemp was rightly decided, determined, that the bankrupt could not be arrested upon a subsequent promise; because the words of the

statute 5 *Geo.* 2, *c.* 30, *sec.* 7, directed that the bankrupt, if arrested for any debt due before the bankruptcy, should be discharged on common bail. The court said that it was a question of fact for the jury to decide, whether the bankrupt had made himself liable by a new promise; and until they have decided that question against him, he was entitled to be discharged.

This decision in Peers *vs.* Gadderer may be considered as settling the question in England; and certainly it is in accordance with the language, object and intent of their bankrupt law, which in this respect is defeated, if a defendant is to be arrested and held to bail for a debt due before the bankruptcy, upon a subsequent promise to pay it, without any new consideration. The present case is one of that description. It is like the case of a new promise reviving an old debt barred by the act of limitation; and differs essentially from the case of a bankrupt, who after his discharge, gives a bond or other security in payment or satisfaction of a debt existing prior to the bankruptcy; or makes a contract upon a new and sufficient consideration, to pay such antecedent debt.

Throwing out of view all the English decisions, and adverting to the late bankrupt act of the United States, we are left in no doubt on this question. The fourth section in substance declares, that every bankrupt who bona fide surrenders all his property and complies with the orders of the proper court, shall be entitled to a full discharge from all his debts, to be decreed by the court, and to a certificate thereof, to be granted by such court. And that such discharge and certificate, when duly granted, shall in all courts of justice, be deemed a full and complete discharge of all debts, contracts and other engagements of the bankrupt, provable under the act, and shall and may be pleaded as a full and complete bar to all suits brought in any court of judicature whatever, and be conclusive evidence itself in favor of such bankrupt, unless impeached by fraud, &c.

The opinion of the court is that the defendant be discharged on filing common bail, and the rule be made absolute.

*Rogers*, for the rule.

*Gilpin* and *Johnson*, contra.